**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**DARRELL J. LAKE,**

                        **Plaintiff,**

              **-vs-**                                          **Case No.    02-C-964**

**JON E. LITSCHER, SHARON K. ZUNKER,**
**THOMAS BORGEN, PATRICIA GARRO,**
**KEVIN GOGGINS, BRIAN SCHUELER,**
**KELLY SANDERS, DR. LUY,**
**SHARI HEINZ, JANET BLOEDOW,**
**MELVIN PULVER, MARY NEUMAN,**
**SUE BURNETT, TOM GAZINKSI,**
**KAREN GOURLIE, CAPT. McCLELLAND, and**
**LT. BALDUS,**

                        **Defendants.**
_____

**DECISION AND ORDER**
_____

        The plaintiff, Darrell Lake, who is currently incarcerated at the Kettle Moraine Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, and was granted leave to proceed *in forma pauperis* on October 1, 2002. The plaintiff has filed an expedited motion to amend the complaint, seeking to reinstate claims that were dismissed on September 3, 2002, when the court granted in part and denied in part the defendants' motion for summary judgment. This motion, which the court construes as a motion for reconsideration, will be addressed herein.

# I. FACTUAL BACKGROUND

The October 31, 2002 amended complaint is the operative complaint in this action. (Docket #9). The court screened the complaint and allowed the plaintiff to proceed on claims that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (Docket #15).

On January 15, 2003, the plaintiff filed a motion for summary judgment, arguing that his Eighth Amendment rights were violated when the defendants: 1) were deliberately indifferent to his serious medical needs; 2) subjected him to conditions of confinement that deprived him of basic human necessities; and 3) punished him for behavior caused by the side effects of his Hepatitis C treatment. (Docket # 29). On August 28, 2003, the court denied the plaintiff's motion in its entirety and dismissed the official capacity claims against all defendants. (Docket # 114).

On December 19, 2003, the defendants filed a motion for summary judgment, claiming that they were not deliberately indifferent to the plaintiff's medical needs, and asserting that they were entitled to qualified immunity. (Docket # 123). On September 3, 2004, the defendants' motion was granted in part and denied in part. (Docket # 138). The plaintiff's claims that he was punished for behavior caused by the side effects of his Hepatitis C treatment, and that he was denied adequate medical care for Hepatitis C were dismissed. *Id.* The court allowed the plaintiff to proceed on allegations that he was denied proper care for medical problems other than Hepatitis C, and that he was subjected to conditions of confinement depriving him of basic human necessities. *Id.*

On December 6, 2004, the court granted the plaintiff's motion to appoint counsel after determining that the presence of counsel was likely to make a difference in the outcome of the case. (Docket # 141). Attorneys Charles H. Bohl and Eric J. Meier of the law firm Whyte Hirschboeck Dudek S.C., Milwaukee, Wisconsin, agreed to undertake representation of the plaintiff on a *pro bono* basis. (Docket # 143). The court set March 24, 2006 as the deadline for dispositive motions and scheduled trial to begin August 28, 2006. (Docket # 148). The plaintiff filed a Rule 7.4 Expedited Non-Dispositive Motion on September 2, 2005. (Docket # 150). The defendants filed their Memorandum in Opposition on September 12, 2005. (Docket # 153).

## II. PLAINTIFF'S MOTION

The plaintiff moves to amend his complaint under Civil Local Rule 7.4 and Federal Rule of Civil Procedure 15(b) because he "did not have access to all relevant documents when he filed his Complaint in September of 2002." (Pl.'s Motion at 2 ¶ 12(a)). The plaintiff is proceeding on: 1) medical care claims based on medical conditions other than Hepatitis C; and 2) claims that he was subjected to conditions of confinement that deprived him of basic human needs. (Docket # 138). He wishes to amend his complaint to include the following counts:

**Count 1:** Punishment Due to Side Effects From Treatment
**Count 2:** Deliberate Indifference to Serious Medical Need
**Count 3:** Punishment Depriving Plaintiff of Basic Human Needs

(Meier Aff. Ex. O at 6-7).

The defendants assert that "there is no justification for allowing the plaintiff to resurrect claims that have already been litigated, and there is no basis for his

claims that he did not have access to all relevant records." (Defendants' Memorandum in Opposition to Amend/Correct the Complaint [D.'s Memo] at 1-2).

### III. DISCUSSION

The court notes at the outset that both parties have complied with the requirements of Civil Local Rule 7.4 (E.D. Wis.).[1]  As noted, the plaintiff filed for summary judgment on claims that the defendants: 1) were deliberately indifferent to his serious medical needs; 2) subjected him to conditions of confinement that deprived him of basic human necessities; and 3) punished him for behavior caused by the side effects of his Hepatitis C treatment.   (Docket # 138).  However, the court dismissed his claims that he was denied adequate medicate care for Hepatitis C, and that he was punished because of the side effects of his medication.   *Id.*  As such, the plaintiff does not seek to amend his complaint; rather he seeks to revisit an issue previously adjudicated in this case. Therefore, the court construes the plaintiff's motion to amend as a motion for reconsideration.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present

---

[1]**Civil L.R. 7.4 Expedited Non-Dispositive Motion Practice**
(a) Parties in civil litigation may seek non-dispositive relief by expedited motion.  The motion must be designated as a "Rule 7.4 Expedited Non-Dispositive Motion."
(b) The motion must contain the material facts, argument, and if necessary, counsel's certification pursuant to Civil L.R. 37.1.  The motion must not exceed 3 pages.  The movant must not file a separate memorandum with the motion.  The movant may file with the motion an affidavit for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion.  The movant's affidavit may not exceed 2 pages.  The respondent must file a memorandum in opposition to the motion within 5 days of service of the motion, unless otherwise ordered by the Court.  The respondent's memorandum must not exceed 3 pages.  The respondent may file with its memorandum and affidavit for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion.  The respondent's affidavit may not exceed 2 pages.  No reply brief is permitted absent leave of Court.

newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). To support a motion for reconsideration based on newly discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." *Caisse Nationale De Credit Agricole v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). Such motions cannot be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of summary judgment. *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982).

While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In support of his request, the plaintiff submits exhibits A through O. (Meier Aff. at 1-2 ¶¶ 2-16). They are summarized as follows:

**Ex. A:** February 25, 2002 Adult Conduct Report issued to the plaintiff
**Ex. B:** February 27, 2002 Adult Conduct Report issued to the plaintiff
**Ex. C:** March 6, 2002 Disciplinary Hearing Decision Report
**Ex. D:** electronic correspondence from Warden Kevin Goggins to Larry Jenkins
**Ex. E:** correspondence from Susan McMurray, R.N., to Clinical at Fox Lake Correctional Institution
**Ex. F:** April 8, 2002 Adult Conduct Report issued to the plaintiff
**Ex. G:** April 24, 2002 Disciplinary Hearing Decision
**Ex. H:** April 29, 2002 Adult Conduct Report issued to the plaintiff
**Ex. I:** April 30, 2002 Adult Conduct Report issued to the plaintiff
**Ex. J:** May 3, 2002 Psychiatric Report from Dr. Arun Parikh, M.D.
**Ex. K:** May 15, 2002 Memorandum from Shari Heinz
**Ex. L:** July 16, 2002 off site service request and report to Fox Lake Health Service Unit from Patrice Kennedy, N.P.
**Ex. M:** a portion of the deposition transcript of Dr. Arun Parikh
**Ex. N:** a portion of the deposition transcript of Gail Patrice Kennedy
**Ex. O:** the plaintiff's proposed Amended Complaint

(Meier Aff. at 1-2 ¶¶ 5-6 and 13-16).

The plaintiff already submitted exhibits A, B, C, F, G, H, I, J, K and L with his January 15, 2003 motion for summary judgment. (Plaintiff's Motion for Summary Judgment Affidavit [Pl.'s Br.] at pp. 26, 31, 70, 78-80 and 82-85). These identical exhibits are offered as "new evidence" in support of the plaintiff's motion to amend. (*See* Meier Aff.). Also, the plaintiff attaches to his motion five more documents that he wants the court to consider as newly discovered evidence. (Exs D, E, M, N, and O).[2] (Meier Aff. at 1-2).

---

[2] Plaintiff's Exhibit O is a copy of the proposed amended complaint. As such, it is not evidence that is relevant to the determination of this motion.

### A. Exhibits A through O

The plaintiff's "new" evidence consists of exhibits "A" through "O." (Meier Aff. at 1 ¶ 2- ¶ 16). However, ten of these documents (Exs A, B, C, F, G, H, I, J, K and L) have already been submitted to the court because they were attached to the plaintiff's January 15, 2003 motion for summary judgment. (Docket # 47). Accordingly the court finds that this is not new evidence justifying a motion for reconsideration.

Moreover, the plaintiff has not demonstrated that he was unable to obtain this evidence despite using reasonable diligence to discover the documents. He filed his motion for summary judgment prior to serving interrogatories (Docket #'s 82-97), before filing a request for admissions from the defendants (Docket #98), and without making a request for production of documents (Docket # 99). As such, the plaintiff is hard pressed to show that he is entitled to reconsideration of these documents. "Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

### B. Exhibits D & E

Two of the remaining documents (Exs D and E) were available during the pendency of the plaintiff's motion. Exhibit D, a copy of an electronic correspondence from defendant Goggins to defendant Jenkins is dated March 7, 2002. (Meier Aff. at 1 ¶ 5). Exhibit E, a copy of a memorandum from defendant McMurray to FLCI Clinical is dated March 11, 2002. (Meier Aff. at 1 ¶ 6). Thus, they were available prior to and during the pendency of the motion.

As noted, the plaintiff filed his motion for summary judgment prior to serving interrogatories (Docket #'s 82-97), before filing a request for admissions from the defendants (Docket #98), and without making a request for production of documents (Docket # 99). Accordinly, the court finds that the plaintiff did not use reasonable diligence in attempting to procure these documents.

**C. Exhibits M & N**

Exhibits M and N are portions of deposition testimony that were not available during the pendency of the plaintiff's summary judgment motion. Exhibit L is the testimony of Dr. Arun Parikh, a psychiatrist at FLCI who treated the plaintiff for various complaints. (Deposition of Dr. Arun Parikh [Parikh Depo.]). However, Dr. Parikh, as an employee of the Department of Corrections, treats thousands of patients and does not remember the specifics of the plaintiff's treatment. (Parikh Depo 4:23). Therefore, Dr. Parikh referred to a May 3, 2002 Bureau of Health Services Psychiatric Report when answering questions during his deposition. (Docket # 31 at 31-32). This same report was already submitted to the court with the plaintiff's January 15, 2003 summary judgment motion. (Docket # 31). Also, as part of his testimony, Dr. Parikh was asked to read the FDA label for Rebetron, a drug that the plaintiff took as part of his Hepatitis C treatment. (Pl.'s Ex. 2-13). The FDA label was also attached to the plaintiff's motion for summary judgment. (Docket # 31 at 2-13). Thus, Dr. Parikh's deposition testimony is not new evidence.

Exhibit N is the testimony of Gail Patrice Kennedy, a UW nurse practitioner, who treated the plaintiff for various medical issues. (Deposition of Gail Patrice Kennedy [Kenndy Depo.]). Nurse Kennedy testifies that the plaintiff complained

of fatigue, pain in his joints, extreme depression, paranoia, and anxiety. (Kennedy Depo. 45:18-24 and 15:9-11). However, she makes the same observations in a July 16, 2002 letter to defendant Dr. Luy and the plaintiff that was submitted with the plaintiff's summary judgment motion. (Docket # 31 at 27-28). In addition, she describes the general side effects of Ribavarin, which are stated in the FDA label attachment to the plaintiff's summary judgment motion. (Docket # 31 at 2-13). Similarly, nurse Kennedy's deposition testimony is not new evidence.

## CONCLUSION

Based on the foregoing facts, the plaintiff has not established that he has new evidence entitling him to reconsideration of his cruel and unusual punishment claim.[3] It should be noted that the plaintiff is proceeding on his Eighth Amendment claims that he was denied proper care for medical problems other than Hepatitis C, and that he was subjected to conditions of confinement depriving him of basic human necessities.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend, which the court construes as a motion for reconsideration, is **DENIED.**

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

---

[3] Notably, the plaintiff does not assert that the initial decision was "clearly erroneous" or would work "manifest injustice" upon him. *Christianson,* 486 U.S. at 817.